## SMITH *v.* BOYNTON.

In this State it is within the discretion of the court to limit the costs of the prevailing party, or to refuse to allow any costs to him, except in cases where the statutes have specially provided otherwise.

TRESPASS, *quare clausum*. Plea, the general issue, with a brief statement of license.

The parties occupied adjoining lots, and the line between them was in dispute. The evidence under the general issue, and also as to license, was conflicting. The trespass complained of was building a small piece of wall on the plaintiff's land. One ground of defense was, that the defendant owned up to a certain line agreed upon by the parties, and fixed by the deed under which the plaintiff claimed, and that the defendant built the wall upon a portion of that line.

The jury returned a verdict for the plaintiff for $1.72. The court ordered that no costs be allowed either party, and the plaintiff excepted, and also moved that the foregoing order be reserved for the consideration of the whole court, which was denied; and the plaintiff excepted, and filed this bill of exceptions, which was allowed and signed by the court.

*E. A. Hibbard*, and *I. A. Eastman*, for the plaintiff.

*Whipple*, and *Stevens & Vaughan*, for the defendant.

BARTLETT, J. It is said that at common law there were no costs (*State* v. *Kinne*, 41 N. H. 240), but it seems to have been the general practice in this State to allow costs to the prevailing party prior to any express legislative enactment. *Barron* v. *Ashley*, 4 N. H. 281. No statute is cited by the plaintiff as specially applicable to the present case, but he claims costs under the first section of chapter 191

of the Revised Statutes, which provides that "costs shall follow the event of every action or petition, unless otherwise directed by law or by the court."

The seventh section of the same chapter provides that, "in all actions or petitions pending in the superior court or court of common pleas in the county where the judgment was rendered, the said courts may, on motion and on good cause shown, limit and allow such costs, and order such security for costs as they may deem just and reasonable." The construction of the clause "in the county where the judgment was rendered" has given rise to some question (*Senter* v. *Carr*, 15 N. H. 375), and it has been suggested that it was never made a part of this section by the legislature, but that, being intended for the seventh section of chapter 192, it was, by a subsequent clerical mistake, also inserted in the seventh section of chapter 191, and that some evidence of this is to be found in the original records. But whether such was the fact is not material here, for this section 7 is in part a revision of the first section of the act of June 29, 1819, which provided "that the justices of the several courts of common pleas and of the superior courts of judicature, in all actions triable before them, be authorized to limit and allow such bills of costs as law and justice shall require." Laws 1824, p. 99 ; Laws 1830, p. 324 ; *Curtis* v. *Baldwin*, 42 N. H. 401.

The act of 1819 was held to confer a discretionary power upon the court as to the limitation of costs in all actions where the statutes had not specially made other provision ; *Dennison* v. *Perkins*, 3 N. H. 313 ; *Barron* v. *Ashley*, 4 N. H. 282 ; *Woodbury* v. *Parshley*, 10 N. H. 393 ; *Meacham* v. *Jones*, 10 N. H. 129 ; *Molineux* v. *Eastman*, 14 N. H. 508 ; and the provision in the Revised Statutes has been similarly construed. *Bean* v. *Brackett*, 35 N. H. 90, 91.

It has been suggested that the statute by implication requires that the court shall allow some costs, but we do not so understand its terms ; and as there is no restriction placed upon the extent to which the court may limit the costs, we can see no practical advantage in allowing a merely nominal amount of costs to be allowed, such as would lead us to suppose that any such intention of the legislature is implied in an enactment that does not in terms contain it.

There is no statute expressly requiring costs to be allowed to the plaintiff in a case like the present, and we think their allowance to him was within the discretion of the court. Were it to be held that a motion was necessary as a foundation for an order like that in the present case, even then we could not presume that no motion was made, or that good cause was not shown. Perhaps, where judgment has been ordered upon a verdict, it would not be difficult to presume that a motion for judgment was made by the party in whose favor it was rendered, and possibly it might be found that a motion for judgment included a motion for the allowance of costs. But these questions do not arise here. The order in the present case is a somewhat unusual one, but as the question of the propriety of the exercise of the discretion of the court has not been reserved for our consideration, the exceptions

*Must be overruled.*